**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOE BALTAS,
     Plaintiff,

     v.

B. FITZGERALD, et al.,
     Defendants.

CASE NO. 3:21-cv-587 (MPS)

June 22, 2026

**ORDER ON THE PLAINTIFF'S PENDING MOTIONS**

Before me are the plaintiff's motion for the court to deny defendants' motion for summary judgment due to obstruction (ECF No. 177), emergency motion for order (ECF No. 179), and emergency motion for temporary restraining order (ECF No. 182). For the reasons stated below, these motions are **DENIED**.

**BACKGROUND**

The defendants filed a motion for summary judgment on October 13, 2023. ECF No. 120. The plaintiff's response to that motion was due by November 3, 2023. *See* D. Conn. L. Civ. R. 7(2) (providing that "all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion[.]"). At the plaintiff's request, I extended the response deadline twice before administratively closing the case in April of 2024 in light of the plaintiff's pending appeal in *Baltas v. Chapdelaine*. *See* ECF No. 132 (extending deadline to January 12, 2024); ECF No. 141 (extending deadline to April 12, 2024); ECF No. 153 (order administratively closing case). When I administratively closed the case, I advised the parties that I would reopen the case after the mandate was filed in *Chapdelaine*. *See* ECF No. 153. And I ordered the

plaintiff to file his response to the defendants' motion for summary judgment within thirty days of reopening the case. *See id.*

I reopened the case on February 18, 2026. ECF No. 167. I referred the plaintiff's pending motion to compel (ECF No. 165) to Judge Spector. *Id.*; *see also* ECF No. 169 (order referring motion to Judge Spector). I ordered the plaintiff to file a response to the defendant's motion for summary judgment within twenty-one days of Judge Spector's ruling on the motion to compel. *Id.*

Judge Spector denied the plaintiff's motion to compel as moot on March 12, 2026. ECF No. 174. Thus, the plaintiff's response to the defendants' motion for summary judgment was due April 2, 2026. *See* ECF No. 167. The plaintiff did not file a response or move for an extension of time to do so by April 2, 2026. Instead, after that deadline expired, the plaintiff filed the series of motions that are now before me. *See* ECF Nos. 177 (filed April 8, 2026), 179 (filed April 13, 2026), 182 (filed April 28, 2026).

**DISCUSSION**

The plaintiff has filed a motion for the court to deny defendants' motion for summary judgment due to obstruction (ECF No. 177), an emergency motion for order (ECF No. 179), and an emergency motion for temporary restraining order (ECF No. 182). I address each motion in turn.

*Motion to Deny Motion for Summary Judgment (ECF No. 177)*

The plaintiff asks me to deny the defendants' motion for summary judgment under Federal Rule of Civil Procedure 56(d)(1) because the defendants "have consistently obstructed [the plaintiff's] access to discovery," hindered the plaintiff's "ability to oppose [the defendants']

2

motion," and denied the plaintiff "access to evidence[ ] in order to demonstrate certain facts of certain claims [that] are in[ ]dispute requi[ring] a trial." ECF No. 177 at 1.  The plaintiff has attached an affidavit to this motion averring that he has been unable to review video evidence in this case because "not a single file on a single disc was playable."  *Id.* at 6 ¶ 11 (caps omitted). The defendants, for their part, maintain that "DOC has corrected the issue, and Plaintiff will be [given] a further opportunity to review the videos."  ECF No. 180 at 17.

Rule 56(d)(1) permits a district court, in the exercise of its discretion, to deny a motion summary judgment if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]"  Fed. R. Civ. P. 56(d)(1).  A declaration or affidavit filed in support of a request under Rule 56(d), must include "the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful."  *Whelehan v. Bank of Am. Pension Plan for Legacy Companies-Fleet-Traditional Ben.*, 621 F. App'x 70, 73 (2d Cir. 2015) (summary order) (internal quotation marks omitted) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)). A "bare assertion that the evidence supporting plaintiff's allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment." *Crye Precision LLC v. Duro Textiles, LLC*, 689 F. App'x 104, 108 (2d Cir. 2017) (internal quotation marks omitted) (quoting *In re Dana Corp.*, 574 F.3d 129, 149 (2d Cir. 2009)).  "Whether to grant relief under Rule 56(d) is a matter firmly within the court's discretion." *SKD Const. Co. LLC v. Maxi Drug Inc.*, No. 3:21-CV-1618 (OAW), 2023 WL 2631837, at *5 (D. Conn. Mar. 24, 2023).

Here, the plaintiff's affidavit explains his efforts to obtain the video evidence in question and his inability to review the video evidence once obtained. *See* ECF No. 177 at 5 ¶¶ 4, 6, 9, 10, 11. But the plaintiff does not explain in his affidavit how this video evidence is "reasonably expected to create a genuine issue of material fact[.]" *Whelehan*, 621 F. App'x at 73. The plaintiff maintains only that "[d]ue to the ongoing, persistent, and never[-]ending obstruction of the AG[]s, their DOC agents[,] and Defendants, [he] [is] obstructed from meaningfully opposing their motion for summary judgment." ECF No. 177 at 5 ¶ 14. This "bare assertion" that the plaintiff is unable to respond to the defendant's motion, *Crye Precision LLC*, 689 F. App'x at 108, made without specifying why the video evidence is "reasonably expected to create a genuine issue of material fact," *Whelehan*, 621 F. App'x at 73, is insufficient to justify denying the defendant's motion for summary judgment under Rule 56(d)(1). *See Crye Precision LLC*, 689 F. App'x at 108. Accordingly, the plaintiff's Rule 56(d)(1) motion (ECF No. 177) is **DENIED**.

Though I deny the plaintiff's Rule 56(d)(1) motion, I will *sua sponte* extend the deadline—one last time—to file a response to the defendant's motion for summary judgment. The plaintiff's response to the defendants' motion for summary judgment will be due on or before **July 22, 2026**. For now, I will take defendants at their word that "DOC has corrected the issue" and that the plaintiff "will be [given] a further opportunity to review the videos." ECF No. 180 at 17. The defendants shall ensure that the plaintiff has an opportunity to review the video evidence in question by **July 8, 2026**, and that the videos may be played on the device given to the plaintiff for that purpose, so that the plaintiff has sufficient time to file his response to the motion for summary judgment by July 22, 2026. If the plaintiff has not received an

4

opportunity to view the videos by July 8, 2026, either party must notify the court by July 10, 2026.

Moreover, if, after reviewing the video evidence in question, the plaintiff would like to submit video evidence in opposition to the defendant's motion for summary judgment, he need not submit the video itself, given the logistical hurdles of the plaintiff submitting such videos while in custody.  Rather, it is sufficient for the plaintiff to refer to the name of the video file and the timestamp on the video file when citing any video evidence in the plaintiff's Local Rule 56(a)2 Statement.  If the plaintiff refers to video evidence in his Local Rule 56(a)2 Statement that the defendants have not submitted to the court with their summary judgment motion, the defendants shall provide the court with the video files to which the plaintiff refers in his Local Rule 56(a)2 Statement.  The defendants shall file these video files with the Clerk of Court within the time for filing a reply brief (fourteen days after the plaintiff files his response, *see* D. Conn. L. Civ. R. 7(d)).

*Emergency Motion for Order (ECF No. 179)*

Plaintiff has also filed an "emergency motion for order."  ECF No. 179.  Plaintiff filed an identical motion in *Baltas v. Bowers*, 3:23-cv-764 (ECF No. 149) and in several other cases. *See* ECF No. 180 at 3 (listing cases).  Judge Victor Bolden denied that motion in *Bowers* on May 7, 2026. *See Bowers*, 3:23-cv-764, ECF No. 162.  Because the motions filed here and in *Bowers* are identical, I find no reason to depart from Judge Bolden's well-reasoned order denying the plaintiff's motion.  Accordingly, Plaintiff's "emergency motion for order" (ECF No. 179) is **DENIED** for the same reasons provided by Judge Bolden in *Bowers*.

*Emergency Motion for Temporary Restraining Order (ECF No. 182)*

Lastly, the plaintiff has filed an emergency motion for a temporary restraining order. ECF No. 182. The plaintiff also filed an identical version of this motion in *Bowers*. *See Bowers*, 3:23-cv-764, ECF No. 157. Judge Victor Bolden denied that motion on May 7, 2026. *See Bowers*, 3:23-cv-764, ECF No. 158. Because the motions filed here and in *Bowers* are identical, I find no reason to depart from Judge Bolden's well-reasoned order denying the plaintiff's motion. Accordingly, Plaintiff's emergency motion for a temporary restraining order (ECF No. 182) is **DENIED** for the same reasons provided by Judge Bolden in *Bowers*.

**CONCLUSION**

For the reasons stated above, the plaintiff's pending motions (ECF Nos. 177, 179, 182) are **DENIED**. The defendants are further ordered to ensure that the plaintiff can review the video evidence in question by **July 8, 2026**. The plaintiff is to file a response to the defendant's motion for summary judgment on or before **July 22, 2026**. In light of previous extensions and the age of this case, no extensions of these deadlines will be permitted.

**SO ORDERED** this 22nd day of June 2026 at Hartford, Connecticut.

/s/
_____

Michael P. Shea
United States District Judge

6